IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-191 |
| | § | C.A. No. C-07-140 |
| LUIS NAPOLES, | § | |
| | § | |
| Defendant/Movant. | § | |

## ORDER FOR RESPONDENT TO FILE A SUPPLEMENTAL ANSWER

Pending before the Court is Luis Napoles' ("Napoles") motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was received by the Clerk on March 22, 2007. (D.E. 503.)[1] The Court ordered the government to respond, and the government filed a combined answer and motion to dismiss on May 21, 2007. (D.E. 504, 505, 506.) Napoles filed a reply on June 19, 2007. (D.E. 509.) On July 23, 2007, Napoles filed a "supplemental motion" in which he raises what appears to be a new claim that was not in his original petition. Specifically, Napoles claims that one of the witnesses who testified against Napoles at sentencing, Juan Antonio Castro, has now recanted his earlier testimony. Napoles provides an affidavit from Castro, which purportedly refutes his earlier testimony, but it is entirely in Spanish.

In light of the foregoing, the government is hereby is hereby ordered to file a supplemental response to Napoles' supplemental motion. The supplemental response shall directly address the following:

1. Whether the new claim relates back to Napoles' earlier § 2255 motion;

2. Whether the new claim is timely and is otherwise properly before the Court; and

---

[1] Docket entries refer to the criminal case, C-03-cr-191.

1

3. Whether the new claim is barred by Napoles' waiver of § 2255 rights.

Irrespective of the government's position on the three issues set forth above, the government shall also address the substantive merits of Napoles' new claim. The government's supplemental response shall be filed not later than thirty days after entry of this order.

Additionally, so that the Court may properly rule on Napoles' claim, the affidavit needs to be docketed with an official translation. Accordingly, the Clerk is hereby directed to ensure that one of the Court's official translators, or the Court's staff interpreter, translates Castro's affidavit and provides a certified, translated copy to be filed and docketed with the Clerk.

ORDERED this 25th day of July, 2007.

_____
Janis Graham Jack
United States District Judge